IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JANE DOE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ELLIOT CLEAVER, )<br>)<br>Defendant. )<br>) | Case No. 25-cv-9331<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF JANE DOE'S COMPLAINT
FOR CIVIL RELIEF UNDER THE GENDER VIOLENCE ACT**

Plaintiff, JANE DOE ("Plaintiff"), by and through her attorneys, Emily Jones and the Chicago Alliance Against Sexual Exploitation and Michelle Heyman-Kantor of Hale and Monico LLC, asserts the following claim for relief against Defendant, ELLIOT CLEAVER ("Defendant"), as follows:

**Nature of the Action**

1. Plaintiff brings this action seeking relief as a result of Defendant's violations of the Illinois Gender Violence Act, 740 ILCS 82/1 et seq. Specifically, Plaintiff seeks relief and compensation for the severe physical and emotional injuries inflicted upon her by Defendant as a result of Defendant's violent sexual assault of Plaintiff on or about August 23, 2021. Plaintiff seeks to pursue this action using a pseudonym to maintain confidentiality of her identity. Plaintiff will file a motion seeking leave to proceed pseudonymously, and to require that all court filings and public disclosures in this action preserve her anonymity.

2. Prior to August 23, 2021, Plaintiff and Defendant had known each other for approximately four years and had never been involved sexually or romantically in any way. Defendant lived out of state but frequently traveled to Chicago in connection with his job as a disc

1

jockey at various events. During the summer of 2021, when Defendant was visiting Chicago, Plaintiff met up with Defendant and his friends on several occasions at various bars and/or music venues to listen to live music.

3. After a night of live music, in the early morning hours of August 23, 2021, when Plaintiff was severely intoxicated, Defendant ordered an Uber and took Plaintiff back to his hotel room with him. Defendant proceeded to violently sexually assault Plaintiff while she was so intoxicated that she had no ability to consent. Among other things, Defendant left Plaintiff bruised, with a severe anal laceration, and unconscious in the hallway outside of his hotel room, where she was eventually found by hotel staff.

4. To this day, Plaintiff's anal injury has not healed, and causes her immense pain and suffering when she needs to defecate. Plaintiff also suffers from the emotional trauma of the assault. Accordingly, Plaintiff seeks relief as set forth below.

## Parties

5. Plaintiff is a 29-year-old woman and citizen of Illinois who currently resides in Chicago and did reside in Chicago at all times relevant to this action.

6. Upon information and belief, Defendant is 32-year-old man and citizen of California who currently resides in Los Angeles.

## Jurisdiction and Venue

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C § 1332(a)(1) (diversity of citizenship) because the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and it is between a citizen of Illinois and a citizen of California.

8. This Court has personal jurisdiction over Defendant because the Defendant committed a tortious act within the State of Illinois and Plaintiff's lawsuit arises out of or relates to Defendant's contacts with Illinois.

9. Venue is proper in this judicial district pursuant to 28 U.S.C § 1391 as the events giving rise to the claims alleged herein occurred in Cook County, Illinois.

## General Allegations

10. On or about August 31, 2017, Plaintiff and Defendant met at a SZA concert at the Concord Music Hall in Chicago, Illinois. Defendant is a disc jockey who uses the name "DJ ELZ." Plaintiff and Defendant bonded over their love of music and concerts.

11. After the concert, Plaintiff and Defendant followed each other on Instagram and kept in touch as online friends.

12. In or about summer 2021, Defendant messaged Plaintiff that he would be in Chicago for Lollapalooza and asked if she would like to attend some concerts with him and his friends.

13. On or about July 29, 2021, Defendant invited Plaintiff to attend a Jack Harlow concert at the Vic Theater in Chicago, Illinois. Plaintiff attended the concert along with Defendant and another one of Defendant's friends.

14. On or about July 31, 2021, Defendant invited Plaintiff to attend an Arizona Zervas performance at Bounce Nightclub in Chicago, Illinois. The Defendant knew the owner at Bounce Nightclub and invited several friends, including Plaintiff. Plaintiff attended the performance and spent the evening with Defendant and his friends, including a female friend whom Plaintiff met that night.

15. On or about August 22, 2021, at approximately 11:00 pm, Plaintiff went to Cerise, which is the rooftop at the Virgin Hotel, located in Chicago, Illinois, with some of her friends.

3

16. On or about August 22, 2021, Defendant was coincidentally staying at the Virgin Hotel. Defendant and Plaintiff texted and realized the coincidence, so Defendant went to Cerise to join with Plaintiff and her friends.

17. On or about August 22, 2021, Defendant invited Plaintiff to go to bars with him and his two female friends. One of the friends was the woman whom Plaintiff had met a few weeks prior at the Arizona Zervas concert. Plaintiff accepted.

18. On or about August 22, 2021, and into the morning hours of August 23, 2021, Plaintiff, Defendant, and Defendant's friends went to multiple bars located in Chicago, Illinois to see live music performances: Hubbard Inn, Bounce Nightclub, and PRYSM.

19. On or about August 23, 2021, Defendant ordered an Uber back to the Virgin Hotel. Plaintiff accidentally left her phone in the Uber.

20. On or about August 23, 2021, in the middle of the night/early hours of the morning, Defendant and Plaintiff entered the Virgin Hotel together and went to Defendant's hotel room.

21. On or about August 23, 2021, Defendant violently sexually assaulted Plaintiff in his hotel room.

22. Some time later, Plaintiff was found unconscious in the hallway outside the Defendant's hotel room. She did not have her cell phone, keys, or shoes. Plaintiff's pants were on inside out and were unbuttoned. Plaintiff was not wearing underwear. Plaintiff was unable to speak or stand. Plaintiff was taken to the hotel lobby by hotel staff.

23. Throughout the course of the evening, Plaintiff's mother had grown concerned about Plaintiff's whereabouts because Plaintiff regularly checks in with her mother. The last text Plaintiff's mother received from her was at approximately 2:09 in the morning when Plaintiff was

at PRYSM. Plaintiff uncharacteristically stopped responding to her mother and did not return home.

24. On or about August 23, 2021, Plaintiff's mother repeatedly called her cell phone. At approximately 3:07 in the morning, the Uber driver answered the cell phone. He informed her mother that he could not give information to anyone except the person who ordered the Uber (the Defendant).

25. On or about August 23, 2021, at approximately 3:24 in the morning, Plaintiff's mother went to find Plaintiff at the last bar she was at, PRYSM, but Plaintiff was no longer there.

26. On or about August 23, 2021, at approximately 4:45 in the morning, Plaintiff's mother again spoke with the Uber driver after repeated phone calls. He informed her that he had picked up one man and two women from PRYSM and dropped them at the Virgin Hotel.

27. On or about August 23, 2021, at approximately 5:53 in the morning, Plaintiff's mother, sister, and brother arrived at the Virgin Hotel and found Plaintiff in the lobby with hotel security. Plaintiff was unable to stand on her own.

28. On or about August 23, 2021, Plaintiff's mother, sister, and brother took Plaintiff to Gottlieb Memorial Hospital in Melrose Park, Illinois. During the car ride, Plaintiff was unconscious and nonverbal. They arrived at the hospital at approximately 6:43 in the morning.

29. At the hospital, Plaintiff underwent a sexual assault examination. The doctor noted that Plaintiff had bruising on her right thigh and a laceration near her anus. Plaintiff reported pelvic pain.

30. At the hospital, Plaintiff spoke with the Melrose Park Police and reported the events of the night prior.

31. On or about August 23, 2021, at approximately 9:00 in the morning, Plaintiff's sister spoke with the Defendant on the phone. The Defendant told Plaintiff's sister that he had sex with Plaintiff.

32. On or about August 23, 2021, Defendant brought Plaintiff's shoes and keys to the hotel lobby before leaving for the airport. Defendant authorized the Uber driver to release Plaintiff's phone to Plaintiff's brother. Plaintiff's brother retrieved her keys, shoes, and cell phone.

33. On or about August 31, 2021, Plaintiff returned to Gottlieb Memorial Hospital because her anal injury was so painful that she was unable to walk or have proper bowel movements. Every time she had a bowel movement she would lose excessive blood.

34. To this day, Plaintiff suffers from the anal injury she sustained from the assault, which makes it difficult and painful for her to defecate. The laceration near her anus reopens when she has bowel movements. This causes Plaintiff extreme physical pain. Plaintiff needs to take multiple medications in order to lessen this pain.

35. In addition to the immense physical pain, the assault severely impacted Plaintiff's mental health. The trauma and the aftermath of the assault severely impacted her ability to proceed with her studies, her health, and her emotional well-being. After the assault, she suffered from anxiety and was unable to leave her home or socialize with others. She is unable to sleep without medication due to the mental and physical pain.

## COUNT I
### Illinois Gender Violence Act
### (740 ILCS 82/1 et seq.)

36. Plaintiff hereby incorporates by reference the allegations set forth in this Complaint as if fully set forth in this Count I.

37. The conduct of Defendant described herein constitutes gender-based violence pursuant to the Illinois Gender Violence Act (740 ILCS 82/5) because:

   a. Defendant's conduct constituted an act of violence and physical aggression satisfying the elements of battery under the laws of Illinois that were committed, at least in part, on the basis of Plaintiff's sex; and

   b. Defendant's conduct constituted a physical intrusion of a sexual nature under coercive conditions satisfying the elements of battery under the laws of Illinois.

38. As a direct result of the gender-related violence that Defendant perpetrated against her, Plaintiff suffered certain injuries and losses including, but not limited to, physical injury, physical pain and suffering, emotional injury, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, emotional distress and other non-pecuniary losses and intangible injuries, all of which are compensable under the Illinois Gender Violence Act.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendant for:

   a. A sum equal to the damages she suffered because of the injuries and losses resulting from Defendant's conduct in violation of the statute, in an amount in excess of $100,000;

   b. Punitive damages in an amount to be determined at trial;

   c. The cost of this action, including reasonable attorney's fees and other litigation costs reasonably incurred; and

   d. Any other relief this Court deems just.

## JURY DEMAND

Plaintiff demands trial by jury on all issues for which a jury trial is allowed.

Dated: August 6, 2025                              Respectfully submitted,

                                                   JANE DOE,

                                                   By: */s/ Michelle Heyman-Kantor*
                                                   One of Her Attorneys

Michelle Heyman-Kantor
Hale and Monico LLC
53 W. Jackson Blvd., Suite 334
Chicago, Illinois 60604
mhk@halemonico.com

Emily Jones
Chicago Alliance Against Sexual Exploitation
307 N. Michigan Avenue, Suite 1020
Chicago, IL 60601
(773) 244-2230 ext. 210
ejones@caase.org